## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert N. Bradley

v.

George E. Shute, Jr.

January 15, 1981

Case No. LD-962

By JUDGE WILLARD I. WALKER

In this seemingly endless and somewhat stormy dispute, which has twice been submitted to arbitration, the issue now before the court is whether the second arbitration award should be vacated because of an undisclosed posture of the arbitrator which suggests potential bias on his part.

At the outset, I confess a great reluctance to vacate this arbitration award. This dispute needs to be resolved. I know Mr. Beale, the arbitrator, as an attorney and, therefore, as an officer of this court. He is well regarded by me and by the bar of this court.

The facts of this case are stated in the briefs of the parties and are not in dispute.

Sam T. Beale (Beale), a member of The Bar Association of the City of Richmond, was selected by the parties pursuant to construction industry rules of the American Arbitration Association to act as the sole neutral arbitrator of all claims between the plaintiff, Robert N. Bradley (Bradley), and the defendant, George E. Shute, Jr., (Shute). An architect named Vaughan was

the only architectural expert to testify on behalf of Bradley. At the time of the arbitration and for some time prior thereto, Vaughan was a general partner of Beale in a general business partnership known as Harvey Road Associates. Beale had recorded the certificate of partnership in the Clerk's Office of the Circuit Court of the County of Henrico only thirteen days before the commencement of the arbitration proceeding. When Vaughan was called to testify, counsel for Shute objected to Vaughan's testifying on the ground that Vaughan's former architecture firm had been employed by Shute to assist him in the preparation of the first arbitration hearing, and that Vaughan had participated in various discussions about the case. This objection by Shute was overruled by the arbitrator and Vaughan was permitted to testify. At no time did the arbitrator disclose to either of the parties that the plaintiff's expert witness, Vaughan, was a partner of his in a business enterprise; nor was any inquiry made by the parties of Beale in that regard. After the case had been submitted to the arbitrator for his decision, the arbitrator requested that the transcript of the testimony of the plaintiff's expert, Vaughan, and Robert Clark, an architect who testified for Shute, be provided to him. This was done. This was the only testimony that was transcribed. Eventually, the arbitrator, Mr. Beale, fashioned an award in favor of Bradley in the amount of $47,357.45 with interest thereon from July 17, 1977, at 10% per annum. There is no showing in the record of this case of any actual bias on the part of Beale, nor does the quantum of the award, in and of itself, necessarily indicate that any bias existed based upon Beale's business relationship with the plaintiff's expert, Vaughan.

In my opinion, these facts demonstrate conclusively that this arbitration award cannot stand. It is not a showing of actual bias on the part of the arbitrator that is the prime consideration but rather a showing of circumstances undisclosed to the parties that tend to create a suggestion of potential bias. In this case, even if the court assumes there is no actual bias on the part of Beale, the court must

acknowledge a strong likelihood of bias on his part because of the very close relationship that exists in a business partnership. Indeed, when one considers the various legal ramifications of a partnership, it would be difficult to imagine any relationship that would have a greater tendency to the bases of bias, unless it be blood relationships between individuals, or a marriage.

In matters before tribunals, and therefore before arbitration, it is not only impropriety that must be guarded against but the appearance of impropriety as well. As the facts of this case disclose, the matter came in the last analysis to the arbitrator weighing the testimony of the two expert witnesses in the case. While I do not doubt the effort on the part of Mr. Beale to disregard his close business relationship with the plaintiff's expert, still it seems to me that he is placed under a tremendous strain when he is trying to evaluate the testimony of one expert, whom he does not know, against the testimony of an expert in whom he obviously has enough confidence to form a business partnership. Even assuming that Mr. Beale were able to overcome the subtleties of the situation in which he found himself, the impact on the losing party, when it ultimately becomes disclosed that the arbitrator was a business partner with the plaintiff's expert, is not to be tolerated in arbitration proceedings. I do not believe it is necessary to show any actual bias or partiality where the relationship is as close as business partners. In this arbitration proceeding, Mr. Beale should have disclosed immediately his relationship to the plaintiff's expert, Vaughan, when it became apparent to him that Vaughan would be a witness in the proceeding. His failure to do so taints the award, and it would be manifestly unfair for this award, however accurate it may ultimately prove to be, to be the final determination of the rights of the defendant, Mr. Shute.